■ MADELINE CHIERCHIA, Respondent-Appellant, v JERRY CHIERCHIA, Appellant-Respondent.—In an action in which a judgment of the Supreme Court, Kings County, was entered July 29, 1975 granting plaintiff a divorce, (1) defendant appeals, as limited by his oral argument, from so much of the judgment as awarded plaintiff alimony of $50 per week and (2) plaintiff cross-appeals, as limited by her notice of appeal and brief, from so much of the judgment as made awards for alimony and child support. Judgment affirmed insofar as appealed from, with costs to plaintiff *(Kay v Kay,* 37 NY2d 632). Hopkins, Acting P. J., Martuscello, Cohalan, Brennan and Munder, JJ., concur.

■ NICHOLAS G. COMBADER, Respondent, v EBERHARDT'S BUS SERVICE, INC., et al., Appellants.—In a negligence action to recover damages for personal and property injuries, defendants appeal from an interlocutory judgment of the Supreme Court, Suffolk County, dated July 7, 1975, in favor of plaintiff on the issue of liability, upon a jury verdict, at a trial limited to that issue. Interlocutory judgment affirmed, with costs. In this action arising from a rear-end collision, the failure of the trial court to marshal the evidence or relate the contentions of the parties to the legal principles charged to the jury did not constitute reversible error. The case was a simple one, the summations just prior to the charge dealt with the respective factual contentions in detail, and it appears that appellants could not have prevailed under any view of the facts (see *Leone v Rybar Realty Corp.,* 5 AD2d 871). Rabin, Acting P. J., Latham, Cohalan, Brennan and Munder, JJ., concur.